UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00089-GNS-HBB

JOHN W. BOHAM                                                                                        PLAINTIFF

v.

AARON BENNETT, et al.                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (DN 24). For the reasons discussed below, Defendants' motion is **GRANTED**.

### I.     STATEMENT OF FACTS

On January 2, 2019, Plaintiff John W. Boham ("Boham") was booked into the Barren County Detention Center ("BCDC'). (Defs.' Mot. Summ. J. Ex. 1, ¶ 3, DN 24-2). Upon entry, Boham completed a questionnaire regarding his medical conditions and informed BCDC staff he suffered from sleep apnea and chronic joint pain. (Defs.' Mot. Summ. J. Ex. 2, DN 24-3). Boham also indicated he had received mental health treatment in the past but was unsure of the names of his prescription medications. (Defs.' Mot. Summ. J. Ex. 2). On February 2, 2019, Boham made a formal grievance request for a CPAP machine for his sleep apnea. (Defs.' Mot. Summ. J. Ex. 3, at 1, DN 24-4). To satisfy these type of requests, BCDC contracts with Southern Health Partners, Inc. ("SHP") to supply medical staff for the jail. (Defs.' Mot. Summ. J. Ex. 1, ¶ 10). Once an inmate makes a formal request to BCDC for medication or medical equipment, SHP is notified and requests the inmate's medical records to verify the prescription and that the inmate regularly uses it. (Defs.' Mot. Summ. J. Ex. 1, ¶ 10). BCDC is not involved after it notifies SHP. (Defs.' Mot. Summ. J. Ex. 1, ¶ 11). Accordingly, in response to Boham's grievance, BCDC notified SHP

of the request, and on February 7, 2019, notified Boham that it was awaiting medical records. (Defs.' Mot. Summ. J. Ex. 3, at 1). On February 8, Boham filed a second grievance stating he had been without his CPAP machine and notifying BCDC that his machine was being held at the front desk of the jail for some time. (Defs.' Mot. Summ. J. Ex. 3, at 2). Boham alleged that a member of the community had brought his CPAP machine to the jail shortly after he was detained. (Compl. 5, DN 1-1). BCDC responded on February 14. (Defs.' Mot. Summ. J. Ex. 3, at 2). On February 20, Boham again requested his CPAP machine. (Defs.' Mot. Summ. J. Ex. 3, at 3). BCDC responded that he had received his machine on February 22. (Defs.' Mot. Summ. J. Ex. 3, at 3). Boham alleges in this action that he suffered a pin stroke and damage to lungs due to being denied his CPAP machine for over a month. (Compl. 5).

On March 4, 2019, Boham filed another grievance with the BCDC stating he had not received all of his medications. (Defs.' Mot. Summ. J. Ex. 3, at 4). On March 6, BCDC staff responded advising Boham he was currently taking Lasix and ASA and that he would be added to the sick call list. (Defs.' Mot. Summ. J. Ex. 3, at 4). On March 8, Boham submitted a second grievance that no medical staff had seen him. (Defs.' Mot. Summ. J. Ex. 3, at 5). On March 9, Boham submitted third grievance stating he had not received his heart medication that morning. (Defs.' Mot. Summ. J. Ex. 3, at 6). BCDC responded on March 12, advising Boham that he had been seen by medical personnel. (Defs.' Mot. Summ. J. Ex. 3, at 6). On March 11, Boham submitted a fourth grievance that he was not receiving his medications. (Defs.' Mot. Summ. J. Ex. 3, at 7). BCDC responded on March 12, advising again that Boham had been seen by medical staff. (Defs.' Mot. Summ. J. Ex. 3, at 7).

Boham brought this action *pro se* pursuant to 42 U.S.C. § 1983 against Barren County Jailer, Aaron Bennett ("Bennett"); BCDC Major, Mindy Smith ("Smith"); SHP; and Kristie

2

Simpson ("Simpson"), a former employee of SHP. (Compl. 1). Boham claimed that Bennett, Simpson, and Smith were "all a part of the decision making process to originally deny the CPAC [sic] machine although it was a life threatening situation[,] as well as the continued denial of the medications to maintain my mental health." (Compl. 9, DN 1). The Court conducted an initial screening allowing Boham's claim for deliberate indifference to his medical needs to proceed against Bennett, Simpson, and Smith in their individual capacities. (Mem. Op. & Order 5, DN 10). Bennett and Smith ("Defendants") moved for summary judgment, and the Court ordered Boham to show cause for his failure to respond to Defendants' motion. (Defs.' Mot. Summ. J., DN 24; Order, DN 31). Boham nevertheless did not respond.

## II. STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## III. DISCUSSION

Defendants moved for summary judgment, *inter alia*, due to Boham's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Defs.' Mem. Supp. Mot. Summ. J. 7-9, DN 24-1 [hereinafter Defs.' Mot. Summ. J.]). Boham's status as a prisoner is determined at the time that he filed suit, and therefore, he must still have exhausted

administrative remedies even though he is not currently incarcerated. *See Cox v. Mayer*, 332 F.3d 422, 424-25 (6th Cir. 2003); *Apodaca v. Simpson Cty. Jail*, No. 1:07-CV-200-TBR, 2009 WL 2591659, at *2 (W.D. Ky. Aug. 21, 2009). The PLRA states "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all steps of a prison's grievance process. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Failure to properly exhaust bars suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Where, as here, a party moves for summary judgment, the moving party must affirmatively show there is no "genuine dispute of material fact as to [the plaintiff's] exhaustion on administrative remedies." *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012).

BCDC policy is printed at the top of each grievance request form that inmates complete. The policy states:

> "ALL GRIEVANCES MUST BE FILED WITHIN 48 HOURS OF THE EVENT . . . . THE JAILOR . . . WILL RESPOND TO THIS GRIEVANCE WITHIN TEN (10) DAYS FROM ITS RECEIPT . . . . IF YOU ARE NOT SATISIFED WITH THE INITIAL RESPONSE TO YOUR GRIEVANCE, YOU MAY APPEAL TO THE JAILER . . . WITHIN 48 HOURS OF THE INITIAL RESPONSE. THE JAILER . . . WILL RESPOND WITHIN TEN (10) DAYS."

(*See* Defs.' Mot. Summ. J. Ex. 3, at 1; Defs.' Mot. Summ. J. Ex. 1, ¶¶ 6-7). In this instance, BCDC insists that Boham never appealed a response to any grievance request. (Defs.' Mot. Summ. J. Ex. 1, ¶ 16). Defendants argue BCDC policy plainly required Boham to submit an appeal in writing within forty-eight hours upon receipt of the response. (Defs.' Mot. Summ. J. 9). "[T]he PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851

4

F.3d 583, 592 (6th Cir. 2017) (citation omitted). "Here, because Plaintiff did not appeal to the Jailer, the Jailer did not have an opportunity to address Plaintiff's claim regarding [his CPAP machine or medication]." *Barassi v. Lewis*, No. 4:17-CV-P40-JHM, 2018 WL 6070352, at *3 (W.D. Ky. Nov. 20, 2018), *aff'd*, No. 18-6255, 2019 WL 6507856 (6th Cir. June 18, 2019). Defendants have submitted adequate proof that Boham failed to exhaust his administrative remedies when he failed to timely appeal, and Boham has not contested this proof. *See Norris*, 2012 WL 1637074, at *3 (granting a motion for summary judgment when the policy stated "an appeal of the response to the grievance may be made within 48 hours of the initial response" and the plaintiff failed to appeal in time). Therefore, there is no genuine issue of material fact that Boham failed to exhaust his administrative remedies with BCDC, which bars the instant action against Bennett and Smith.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (24) is **GRANTED,** and Plaintiff's claims against Defendants Bennett and Smith are **DISMISSED**. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006).

Greg N. Stivers, Chief Judge
United States District Court

March 23, 2021

cc: counsel of record
Plaintiff, *pro se*